UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES H. MAXWELL, JR.,

        Plaintiff,

v.

KING COUNTY JAIL, *et al.*,

        Defendants.

CASE NO. 2:22-cv-00580-MJP-JRC

ORDER TO SHOW CAUSE

This matter is before the Court on referral from the District Court and on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1.

Plaintiff is incarcerated and his proposed complaint is subject to screening by the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915A, which require dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein.

If plaintiff chooses to amend his proposed complaint, he must file his amended proposed complaint on the Court's form, on or before June 10, 2022. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice. Finally, because it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall renote the IFP motion for the Court's consideration on June 10, 2022.

## BACKGROUND

Plaintiff, who is incarcerated at King County Jail, initiated this matter on April 28, 2022, by filing a motion to proceed IFP and a proposed complaint. *See* Dkt. 1. Plaintiff brings suit against King County Jail and the City of Seattle because they allegedly violated his right to a religious diet. *See* Dkt. 1-1 at 3. Plaintiff seeks release or $500 for every day defendants deny him a vegetarian diet. *See id.* at 9.

## DISCUSSION

### I.      Legal Standard

Pursuant to 28 U.S.C. § 1915A(a), the Court must dismiss a complaint, or any portion of a complaint, if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. When a plaintiff is proceeding *pro se*, this Court must "construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt."

*Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

### II. Religious Diet Claims

Plaintiff does not state which amendment or federal statute defendants allegedly violated. However, liberally construing his complaint, it appears that plaintiff may be seeking to bring claims for violation of the Religious Land Use for Institutionalized Persons Act ("RLUIPA") and/or the First Amendment Free Exercise Clause. *See* Dkt. 1-1 at 4–6.

### A. RLUIPA Claim

Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability" unless the government can establish that the imposition of the burden "is in furtherance of a compelling governmental interest" and furthers that interest by use of the "least restrictive means." 42 U.S.C. § 2000cc–1(a)(1) & (2); *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005). Although RLUIPA does not define "substantial burden," the Ninth Circuit has found it must be "oppressive to a significantly great extent, such that it renders religious exercise effectively impracticable," *San Jose Christian Coll. v. City of Morgan Hill*, 360 F. 3d 1024, 1034–35 (9th Cir. 2004), or "puts significant pressure on inmates . . . to abandon their religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 996 (9th Cir. 2005).

Here, plaintiff's proposed complaint fails to state a claim under RLUIPA. Plaintiff alleges that he filed a request for a vegetarian diet because "there is only vegetarian belie[f] to [his] religion." Dkt. 1-1 at 5. However, he has not alleged any facts beyond a speculative level that his

request for a vegetarian diet was denied by defendants. For example, he alleges that "chicken bologna is not vegetarian"—but he does not allege that defendants ever gave him chicken bologna. Dkt. 1-1 at 4. He alleges that defendants claim his food is vegetarian, but that he "[does not] think so" because "chicken flavor is not vegetarian" and "beef or chicken sol" is not vegetarian. *Id.* at 5. It is unclear what plaintiff means by "beef or chicken sol," but it appears that plaintiff is alleging that his food is not vegetarian because it is meat flavored. However, it is not clear how the flavor of the food puts a substantial burden on his religious beliefs. Further, his claim seems to be based on his speculation that the food is not vegetarian, which is insufficient to state a claim. *See Twombly*, 550 U.S. at 555.

## B. First Amendment Free Exercise Claim

Under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). While municipalities and local government units are considered persons for § 1983 purposes, they are only liable for policies, regulations, and customs adopted and promulgated by that body's officers. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). To recover, plaintiff must show that county employees or agents acted through an official custom or policy that permits violation of plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690–91.

As with RLUIPA, under the First Amendment, "[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). Plaintiff's complaint fails to state a claim under the First Amendment for the same reasons his RLUIPA claim fails.


...


Notably, plaintiff has not alleged enough facts to establish how the practice of his religion has been substantially burdened. His claim also fails because he has not alleged what each of the named defendants did to violate his rights. Specifically, he has not alleged that a custom or policy was the motivating factor behind the alleged violation, which is required to hold municipalities and local governments liable in § 1983 claims. *See Monell*, 436 U.S. at 690–91. Finally, plaintiff seeks release as a form of relief, which is not appropriate in this type of action.

## CONCLUSION

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff chooses to amend his proposed complaint, he must file his amended proposed complaint on or before **June 10, 2022**. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement.

An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff.

1 | If plaintiff fails to file an amended complaint or fails to adequately address the issues raised
2 | herein on or before **June 10, 2022**, the undersigned will recommend dismissal of this action
3 | pursuant to 28 U.S.C. § 1915.
4 | Dated this 11th day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge