UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES H. MAXWELL, JR.,

        Plaintiff,

   v.

KING COUNTY JAIL, *et al.*,

        Defendants.

CASE NO. 2:22-cv-00580-MJP-JRC

ORDER TO SHOW CAUSE

This matter is before the Court on referral from the district court, plaintiff's response to the Court's order to show cause, and on plaintiff's motion to amend his complaint. *See* Dkts. 4, 5, 7.

Plaintiff is incarcerated and his proposed complaint is subject to screening by the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915A, which require dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. The Court previously screened plaintiff's proposed complaint and ordered him to show cause or amend his proposed complaint due to several deficiencies. Having reviewed plaintiff's proposed amended

complaint, the Court concludes that it still fails to state a claim upon which relief can be granted. However, because the amendment was not entirely futile, the Court will grant plaintiff one more opportunity to amend his proposed complaint. Further, because the Court had already given plaintiff permission to file an amended proposed complaint, he had no need to file a motion to amend. Therefore, the Court strikes plaintiff's motion to amend. Dkt. 5.

If plaintiff chooses to amend his proposed complaint, he must file his amended proposed complaint on the Court's form, on or before July 22, 2022. Plaintiff is warned that a failure to correct the deficiencies identified by this Court may result in a recommendation that plaintiff's action be dismissed without prejudice. Finally, because it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his *in forma pauperis* ("IFP") motion at this time. Instead, the Clerk shall renote the IFP motion for the Court's consideration on July 22, 2022.

**BACKGROUND**

Plaintiff, who is incarcerated at King County Jail and proceeding *pro se*, initiated this matter on April 28, 2022, by filing a motion to proceed IFP and a proposed complaint. *See* Dkt. 1. Plaintiff alleged that defendants, King County Jail and the City of Seattle, violated his right to a religious diet. *See* Dkt. 1-1 at 3. On May 11, 2022, the Court screened plaintiff's proposed complaint and ordered him to show cause or amend his complaint due to several deficiencies. *See* Dkt. 4. In response to the Court's order, plaintiff filed a motion to amend, some miscellaneous documents, and a proposed amended complaint. *See* Dkts. 5–8.

In his proposed amended complaint, plaintiff again names King County Jail and the City of Seattle for violating his First Amendment right to a religious diet and alleges that they "maybe" violated "the whole body of bill of rights and the constitution." *See* Dkt. 7 at 1–6.

1  Specifically, plaintiff alleges that his Buddhist religion prohibits him from consuming any food
2  that contains living animals or is produced "with [a]nything [f]rom [l]iving [a]nimals" and that
3  he continues to receive meals "that the King County Jail Kitchen staff considers veg[a]n-
4  vegetarian with animal products on them that do not meet the [e]ssential meaning of [a] pure
5  vegetarian diet . . . ." *Id.* at 5. As a result, plaintiff alleges that he has had to subject himself to
6  these "foreign foods" that make him feel ill and make him more prone to other sicknesses. *Id.* at
7  7. Plaintiff seeks damages and various forms of injunctive relief. *See id.* at 9.

## DISCUSSION

### I.  Legal Standard

Pursuant to 28 U.S.C. § 1915A(a), the Court must dismiss a complaint, or any portion of a complaint, if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. When a plaintiff is proceeding *pro se*, this Court must "construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

///

## II. Personal Participation

Under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). While municipalities and local government units are considered persons for § 1983 purposes, they are only liable for policies, regulations, and customs adopted and promulgated by that body's officers. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). To recover against these types of defendants, plaintiff must show that their employees or agents acted through an official custom or policy that permits violation of plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690–91.

Here, plaintiff alleges that defendants, King County Jail and City of Seattle, violated his right to a religious diet. *See* Dkt. 7 at 1–6. However, plaintiff's proposed amended complaint does not contain any allegations implicating these defendants. As previously stated, supervisory liability is not available in 42 U.S.C. § 1983 claims. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989). Plaintiff does not allege that these entities have a policy or custom in place that denies vegetarian or vegan diets. However, it appears that plaintiff may be attempting to name an officer as a defendant instead of King County Jail. *See* Dkt. 7 at 3 (naming "King County – Officer unknown" as the first defendant). If so, plaintiff must make that clear and state how this officer was involved in the violation of plaintiff's constitutional rights. Plaintiff should identify the officer to the extent possible.

Accordingly, plaintiff has failed to state a claim against the named defendants.

///

### III. Count II Deficiencies

In count II, plaintiff alleges that defendants "maybe" violated "the whole body of bill of rights and the constitution." *See* Dkt. 7 at 6. It is not clear how this count differs from the first since it appears to be based on the same religious diet allegations. *See id.* However, plaintiff fails to state a plausible claim regarding this count because it is speculative, does not specify which rights were violated, and does not contain allegations regarding the personal participation of the named defendants. If plaintiff seeks to bring a different claim than what he alleges in his first count, plaintiff must make clear what constitutional right defendants violated and provide sufficient information, beyond a speculative level, that the named defendants are responsible for the violation.

### CONCLUSION

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff chooses to amend his proposed complaint, he must file his amended proposed complaint on or before **July 22, 2022**. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement.

An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and

1  all facts and causes of action alleged in the original complaint that are not alleged in the amended
2  complaint are waived. *Forsyth*, 114 F.3d at 1474.
3      The Court directs the Clerk to strike plaintiff's motion to amend. Dkt. 5. The Clerk is also
4  directed to send a copy of this order to plaintiff along with the appropriate forms so that he may
5  file an amended complaint. If plaintiff fails to file an amended complaint or fails to adequately
6  address the issues raised herein on or before **July 22, 2022**, the undersigned will recommend
7  dismissal of this action pursuant to 28 U.S.C. § 1915.
8      Dated this 22nd day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge