UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES H. MAXWELL, JR.,

        Plaintiff,

v.

KING COUNTY JAIL, *et al.*,

        Defendants.

CASE NO. 2:22-cv-00580-MJP-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 19, 2022

This matter is before the Court on referral from the district court and on plaintiff's response to the Court's order to show cause. *See* Dkts. 9, 11, 12.

Plaintiff is incarcerated and his proposed complaint is subject to screening by the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915A, which require dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. This is the Court's third time screening a proposed complaint in this action and plaintiff continues to fail to state a claim. The Court declines to give plaintiff another opportunity to amend his proposed complaint because the latest amendment proved to be futile. Accordingly, the Court recommends that plaintiff's action be dismissed without prejudice and his motion to proceed *in forma pauperis* ("IFP") be denied as moot.

# BACKGROUND

Plaintiff, who is incarcerated at King County Jail and proceeding *pro se*, initiated this matter on April 28, 2022, by filing a motion to proceed IFP and a proposed complaint. *See* Dkt. 1. Plaintiff alleged that defendants, King County Jail and the City of Seattle, violated his right to receive a religious diet. *See* Dkt. 1-1 at 3. The Court has issued two orders to show cause identifying deficiencies in plaintiff's proposed complaints and the Court provided plaintiff opportunities to remedy the deficiencies. *See* Dkts. 4, 9. Both orders warned plaintiff that his claims were deficient because they did not allege that the alleged constitutional violation was a result of the named defendants' custom or policy. *See* Dkts. 4, at 5; 9, at 4.

In response to the Court's most recent order to show cause, plaintiff filed two proposed amended complaints that are substantively identical. *See* Dkts. 11, 12. Plaintiff continues to name King County Jail and the City of Seattle as defendants. *See id.* Although he alleges three separate causes of action, they are all based on the same allegation that defendants violated his First Amendment right to receive a religious diet. *See generally id.* Specifically, plaintiff alleges that although he requested a vegetarian diet that he believes conforms to his religious beliefs, he "continue[s] to receive meals that the King County Jail kitchen staff considers vegan-vegetarian with animal products on them that do not meet the essential meaning of pure vegetarian . . . ." Dkt. 12, at 5. As relief, plaintiff seeks release, a "full vegetarian meal without animal parts," and monetary damages. *Id.* at 9.

# DISCUSSION

## I.     Legal Standard

Pursuant to 28 U.S.C. § 1915A(a), the Court must dismiss a complaint, or any portion of a complaint, if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. When a plaintiff is proceeding *pro se*, this Court must "construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

Under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). While municipalities and local government units are considered persons for § 1983 purposes, they are only liable for policies, regulations, and customs adopted and promulgated by that body's officers. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). To recover, plaintiff must show that county employees or agents acted through an official custom or policy that permits violation of plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690–91.

**II.    First Amendment Claim**

To state a claim under the Free Exercise Clause, plaintiff must plausibly allege that a government official's actions "substantially burden[ed]" his exercise of a sincerely-held religious belief and did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th

Cir. 2015). "Plaintiff must allege conscious or intentional acts that burden his free exercise of religion." *Lewis v. Mitchell*, 416 F. Supp. 2d 935, 944 (S.D. Cal. 2005) (holding that negligence is insufficient to state a valid Section 1983 claim for the violation of free exercise rights); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1214 (9th Cir. 2017) (Bybee, J., concurring) ("[I]t is now beyond question that § 1983 requires proof of intentional, not merely negligent, acts depriving a party of his constitutional rights.").

Here, plaintiff's proposed amended complaint fails to state a viable First Amendment claim for two reasons. First, plaintiff failed to allege facts that implicate the two named defendants in the alleged deprivation of his religious diet. *See Monell*, 436 U.S. at 658 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). Plaintiff has not alleged that King County or the City of Seattle have a policy or custom that allow for the deprivation of his religious diet, or that they ratified the unlawful conduct of any of their agents. To the contrary, plaintiff attached King County Jail's policy regarding vegetarian/vegan diets, which appears to allow prisoners to receive the type of diet plaintiff's religion requires. *See* Dkt. 11, at 21.

The Court has twice warned plaintiff about this deficiency. *See* Dkts. 4, at 5; 9, at 4. The Court also ordered plaintiff to clarify whether he intended to name a specific officer within King County Jail instead of the jail itself. *See* Dkt. 9, at 4. Plaintiff declined to name an officer in his proposed amended complaint and made clear that he intends to proceed against King County Jail itself. Thus, plaintiff has failed to allege sufficient facts to state a viable § 1983 claim against the named defendants.

Second, the allegations in plaintiff's proposed amended complaint do not support a claim that someone at the jail intentionally deprived plaintiff of his religious diet. *See Lewis*, 416 F.

Supp. 2d at 944. Plaintiff does not allege that he was completely denied a vegetarian diet. Instead, he alleges that he has received some meals that "King County Jail kitchen staff considers vegan-vegetarian" but have animal products in them. *See* Dkt. 12, at 5. However, plaintiff appears to reach that conclusion based on his belief that soy meat contains animal products. He alleges no facts to reasonably support that conclusion. *See Twombly*, 550 U.S. at 555. Accordingly, plaintiff's proposed amended complaint fails to state a viable First Amendment claim.

## CONCLUSION

The Court recommends that plaintiff's action be dismissed without prejudice and plaintiff's motion to proceed IFP be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 19, 2022,** as noted in the caption.

Dated this 3rd day of August, 2022.

J. Richard Creatura
Chief United States Magistrate Judge